IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN THOMPSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:18-cv-680 |
| | § | |
| MICROSOFT CORPORATION | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

**COMPLAINT**

Plaintiff, John Thompson, files this Complaint and Jury Demand against Defendant Microsoft Corporation, alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADA"). For causes of action, Plaintiff would show the Court as follows:

**I.**
**PARTIES**

1. Plaintiff, John Thompson, is a Texas resident, living in Travis County, Texas.

2. Defendant Microsoft Corporation is a corporation conducting business in Texas. Microsoft Corporation can be served with process through its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

**II.**
**JURISDICTION**

3. The Court has subject matter jurisdiction under 28 U.S.C. §1331 because this action arises under the Americans with Disabilities Act of 1990, as amended.

4. Defendant Microsoft Corporation is an employer within the meaning of the ADA

because it employs fifteen or more employees for each working day in each of twenty or more calendar weeks.

5. Mr. Thompson has completed all conditions precedent to filing this suit. He filed a complaint with the U.S. Equal Employment Opportunity Commission and received a right to sue letter from the EEOC fewer than ninety days before filing this suit.

## III.
## VENUE

6. Venue is proper in the Western District of Texas, Austin Division, under 28 U.S.C. §1391 because Mr. Thompson's claims arose within the judicial district of this Court.

## IV.
## FACTS

7. Plaintiff, John Thompson, was hired by Defendant Microsoft Corporation in November 2010.

8. Mr. Thompson has been diagnosed with Autism Spectrum Disorder ("ASD"). Because of his ASD, Mr. Thompson is substantially limited in several major life activities, including concentrating, thinking, and communicating.

9. On March 2015, Mr. Thompson requested reasonable accommodations from Microsoft related to his ASD diagnosis. Microsoft refused to allow those accommodations, and so Mr. Thompson was forced to search for a different position within the company.

10. On April 1, 2015, Mr. Thompson filed a formal complaint of harassment, discrimination, and hostile work environment with the company. However, it was dismissed on or around July 13, 2015, and Mr. Thompson was provided with no substantive response it.

11. In August 2015, Mr. Thompson found and was transferred to the position of architect. As part of this transfer, however, he was placed in a position with a lower rank and lower pay scale

than his peers, but was held to the same performance standards as they were.

12. In or around April 2016, Mr. Thompson again requested some accommodations from Microsoft in order to allow him to perform the essential functions of his job. These requests included a noise-cancelling headset; a job coach; an assistant for putting material into computer programs such as Microsoft Powerpoint, taking meeting notes, assisting with travel booking, time and expense reporting, meeting scheduling, paperwork, and assistance in monitoring timelines and providing reminders; and voice transcription software. Mr. Thompson and Microsoft then exchanged a series of e-mails in which Mr. Thompson attempted to engage in the interactive process with Microsoft because of the company's concerns about some of his accommodation requests. On July 21, 2016, Microsoft prematurely terminated the interactive process, and informed Mr. Thompson that "based on your restrictions, we do not consider you to be qualified to perform the essential functions of your current role." Microsoft informed Mr. Thompson at that time that "we have again moved ahead with the job reassignment process."

13. However, at the time Microsoft sent this e-mail, Mr. Thompson was qualified and able to perform the essential functions of his job, and had been doing so since he was transferred to it in 2015.

14. As a result of the July 21, 2016, e-mail, Mr. Thompson initiated another job search, but was unable to find another job. He was forced to take long-term disability leave on September 15, 2016, and has not returned to work with Microsoft.

15. In addition to the foregoing, since 2013, Mr. Thompson has been denied training available to other employees; access to benefits provided to other employees, including employee discounts; and updated computer equipment.

16. Since 2013, Mr. Thompson's managers have engaged in a pattern of harassment and

discrimination, including copying Microsoft's in-house counsel on e-mails to Mr. Thompson criticizing his job performance; insulting him in front of his peers and other employees, preventing him from attending important customer meetings, and adversely affecting his ability to work with his customers. Mr. Thompson was also instructed not to interact with his peers, and then was criticized for not maintaining a suitable level of communication with those same peers. When Mr. Thompson attempted to have a discussion with his manager about the specific challenges related to his Autism Spectrum Disorder, the manager's response was to suggest that Mr. Thompson seek a different career.

## V.
## CAUSES OF ACTION

### COUNT ONE:
### Denial of Reasonable Accommodation and Discrimination on the Basis of Disability in violation of the ADA

17. Defendant violated by the Americans with Disabilities Act by subjecting Plaintiff to a hostile work environment, refusing to accommodate Plaintiff's disability, and by refusing to allow Plaintiff to continue working. 42 U.S.C. § 12101 *et seq.*

18. Under 42 U.S.C. §12112, it is unlawful for an employer to discriminate against any individual with respect to his employment because of that individual's disability or because the employer regards the individual as a person with a disability.

19. Defendant is an employer under the ADA, having had more than 15 employees in 20 or more calendar weeks during the year in which Mr. Thompson was removed from the architect position, or in the preceding calendar year.

20. Plaintiff was qualified for and could perform the essential functions of his job at the time of Microsoft's decision to remove Mr. Thompson from the architect position, with reasonable

accommodations. Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendant as a person with a disability.

21. Plaintiff was meeting his employer's expectations.

22. Plaintiff was removed from his position as a direct result of his disability, his record of having a disability, and/or because Defendant regarded Plaintiff as a person with a disability.

23. Plaintiff was subjected to a hostile work environment because of his disability.

24. Defendant violated the ADA by intentionally refusing to accommodate Plaintiff's disability and by discriminating against Plaintiff because of his disability by removing Plaintiff from the architect position and subjecting him to a hostile work environment because of his disability. Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendant's treatment of Plaintiff. Plaintiff's disability and/or Defendant's perception of Plaintiff as a person with a disability moved Defendant toward their decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

## COUNT TWO:
### Retaliation in violation of the ADA

25. Plaintiff's request for reasonable accommodations and his opposition to Microsoft's disability-based discrimination and unwillingness to accommodate him constitute protected conduct pursuant to 42 U.S.C. §12203, which prohibits employers from engaging in retaliation against employees who participate in protected activity under 42 U.S.C. §12203(a). Plaintiff engaged in protected activity and was removed from his position as a result. As such, Defendant violated the anti-retaliation provisions of the ADA.

## VI.
## DAMAGES

As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of earning capacity, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## VII.
## COMPENSATORY DAMAGES

Defendant intentionally engaged in an unlawful employment practice by refusing to accommodate Plaintiff's disability, and by discriminating against Plaintiff because of his disability, his record of having a disability, and/or because Defendant regarded Plaintiff as being disabled. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VIII.
## PUNITIVE DAMAGES

The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## IX.
## ATTORNEYS' FEES AND EXPERT FEES

A prevailing party may recover reasonable attorneys' and experts' fees. 42 U.S.C. §2000e-5(k). Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## X.
## JURY DEMAND

Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

    Respectfully submitted,

    THE LAW OFFICES OF KELL A. SIMON
    902 East Fifth Street, Suite 207
    Austin, Texas 78702
    (512) 898-9662 Telephone
    (512) 368-9144 Facsimile

s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF